IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD C. HARDING )
11905 Oakwood Dr. )
Woodbridge, VA 22192 )
 )
               Plaintiff, )  Civil Action No.
 )
   v. )
 )
JOSEPH T. KELLIHER )
Chairman, Federal Energy Regulatory Commission )
888 First St., NE )
Washington, DC 20426 )
 )
 )
               Defendant. )
                                        )

## COMPLAINT FOR RELIEF FROM DISCRIMINATION IN EMPLOYMENT

### Jurisdiction

1.    This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a, seeking compensation for denied promotion based on race and age discrimination. This Court has jurisdiction under 42 U.S.C. §§ 2000e-5(f)(3) and 2000e-16(c), and 29 U.S.C. § 633a(c). Venue lies in this Court as the discriminatory employment practices challenged in this action took place in the District of Columbia.

### Parties

2.    Plaintiff Richard C. Harding is an African American employee of the Federal Energy Regulatory Commission (FERC). Mr. Harding is 64 years old and currently serves as the

GS-14 Lead Security and Support Specialist in FERC Headquarters. He is a resident of the State of Virginia.

3. Joseph T. Kelliher is the Chairman of FERC and as such is the head of the federal agency in which Plaintiff serves. He is sued in his official capacity only. FERC has more than 500 employees.

## Facts

4. On July 29, 2005 defendant posted a vacancy announcement for a GS-15 Security and Safety Officer position, to be in charge of the physical security and safety of the FERC Headquarters building. For nearly 30 years, Richard Harding had successfully served in various security related positions within the federal government. And for nearly ten years preceding the vacancy announcement at issue in this case, Harding had served as FERC's chief safety and security officer, although at the GS-14 grade.

5. In that capacity, Harding had consistently earned exemplary performance evaluations, awards and praise for his work.

6. The duties and responsibilities of the newly posted GS-15 Security and Safety Officer position were the same as those that Harding had performed for nearly ten years, and he was exceptionally well qualified for the GS-15 position.

7. Harding applied for the position on August 5, 2005 and was included on the "best qualified" certificate of eligible candidates.

8. FERC did not interview Harding for the position.

9. On August 9, 2005, FERC promoted Todd Henby to the Security and Safety Officer position. Henby is white, and roughly twenty years younger than Richard Harding. Todd Henby had been employed with FERC for roughly two months prior to this promotion, and had

far less knowledge and experience regarding FERC's safety and security program than did Harding. Prior to working for FERC, Henby had worked for the U.S. Navy in security related positions, where he had repeatedly been criticized for his unreliability, performance and attendance, and disciplined for financial irresponsibility.

10. FERC selected Todd Henby for this position over Plaintiff because of his race and age in violation of Title VII and the ADEA.

11. Defendant's actions in discriminating against Plaintiff have caused him severe harm, including humiliation, emotional distress, pain, suffering and loss of enjoyment of life, and pecuniary and nonpecuniary losses. It has also inflicted damage upon his career.

## COUNT ONE
## RACE DISCRIMINATION

12. Paragraphs 1-11 are realleged.

13. Defendant refused to select Plaintiff, and instead selected a less qualified white applicant for the GS-15 Security and Safety Officer position, based on race, and in violation of Title VII.

## COUNT TWO
## AGE DISCRIMINATION

14. Paragraphs 1-11 are realleged.

15. Defendant refused to select Plaintiff, and instead selected a less qualified younger applicant for the GS-15 Security and Safety Officer position, based on age, and in violation of the ADEA. .

WHEREFORE, plaintiff requests that this Court:

1) award him promotion to the GS-15 Security and Safety Officer position he was

unlawfully denied, or an equivalent position, retroactive to August 9, 2005, with full back pay and all related benefits;

    2)    award him compensatory damages in an amount to be proven at trial;

    3)    enjoin defendant from retaliating against him for pursuing this action and from further discriminating against him on the basis of race and age in future personnel actions;

    4)    award him the costs and reasonable attorneys' fees incurred in this action and the administrative claims that necessarily preceded it;

    5)    award him pre-judgment interest on all monetary sums awarded;

    6)    award such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury on the Title VII claim, and requests an advisory jury with respect to the ADEA claim.

_____
Richard A. Salzman  422497
Heller, Huron, Chertkof
Lerner, Simon & Salzman
1730 M St., NW Suite 412
Washington, DC 20036
(202) 293-8090

Counsel for Plaintiff