UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD C. HARDING )<br>11905 Oakwood Dr. )<br>Woodbridge, VA  22192 )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH T. KELLIHER )<br>CHAIRMAN )<br>FEDERAL ENERGY REGULATORY )<br>　　　COMMISSION )<br>888 1st Street, N.E. )<br>Washington, DC  20426-0002 )<br>)<br>　　　　Defendant. )<br>_____) | Civil Action No.  06-1627 (EGS) |

**A N S W E R**

Defendant, through undersigned counsel, hereby answers the Complaint in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1.  This paragraph consists of plaintiff's characterization of his cause of action, to which no response is required.  This paragraph also contains plaintiff's allegation of jurisdiction and statement as to venue which are conclusions of law to which no response is required.

2.  Defendant admits that Richard C. Harding is a 64 year old African American employee of the Federal Energy Regulatory Commission (FERC) who

currently serves as GS-14 Lead Security and Support Specialist in FERC Headquarters. Defendant admits that Mr. Harding is a resident of the State of Virginia.

3. Defendant admits that Joseph T. Kelliher is the Chairman of FERC and the head of the agency which employs more than 500 employees.

4. Defendant admits that on July 29, 2005, the FERC posted a vacancy announcement for a GS-15 Security and Safety Officer position. Defendant is without information sufficient to form a belief as to the truth of the statement contained in paragraph 4 that the defendant successfully served in various security related positions within the federal government for 30 years. Defendant admits that Mr. Harding had served as FERC's lead safety and security officer at the GS-14 grade level for approximately ten years prior to filing his complaint.

5. The Plaintiff's assertion that Mr. Harding received exemplary evaluations, awards and praise is a subjective characterization that Defendant neither admits nor denies. Defendant admits that Plaintiff's earned a fully successful rating on his most recent performance appraisal on record.

6. Defendant denies that the duties and responsibilities of the newly posted GS-15 Security and Safety Officer were the same as those that Mr. Harding performed as the lead safety and security officer of FERC. Defendant admits the remaining allegation of paragraph 6 to the extent that Mr. Harding was qualified for the GS-15 Security and Safety Officer position.

**7.** Defendant admits that Mr. Harding applied for the GS-15 Security and Safety Officer position on August 5, 2005, and was included on the best qualified certificate of eligible candidates.

**8.** Defendant admits that it did not interview Mr. Harding, nor did it interview any candidate for the Security and Safety Officer position.

**9.** Defendant admits that on or about August 9, 2005, FERC promoted Tod Henby to the Security and Safety Officer position. Defendant admits that Mr. Henby is white and twenty years younger than Mr. Harding. With respect to the allegation that Mr. Henby had less knowledge of FERC's safety and security program than did Mr. Harding, Defendant admits that Mr. Henby had spent less time at FERC than had Mr. Harding, but avers that Mr. Henby was better qualified for the GS-15 position than Mr. Harding. Defendant admits that Mr. Henby worked for the United States Navy prior to working for FERC. Defendant is without information sufficient to form a belief as to the truth of the statement contained in last sentence of paragraph 9 that Mr. Henby had been repeatedly criticized for his unreliability, performance and attendance, and disciplined for financial irresponsibility; however, to the extent a response is required, defendant denies.

**10.** This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

**11.** This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

**12.** Defendant's responses in Paragrahs 1-11 are reasserted.

13. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

14. Defendant's responses in Paragrahs 1-11 are reasserted.

15. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

The remainder of the Complaint consists of plaintiff's prayer for relief to which no response is required; to the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever.

WHEREFORE, defendant requests that the Court dismiss the Complaint and award defendant such other relief the Court may deem appropriate, including costs.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS
D.C. BAR # 434122
Assistant United States Attorney

                                                              _____
                                                              **PETER D. BLUMBERG**
                                                              **DC Bar #463247**
                                                               **Assistant United States Attorney**
                                                               **U.S. Attorney's Office**
                                                               **555 4th Street, N.W.**
                                                               **Washington, D.C.  20530**
                                                               *(202) 514-7157*

**OF COUNSEL:**

**Ellen K. Schall**
**Charles A. Beamon**
**Michael C. Watson**
**Federal Energy Regulatory Commission**
**888 First Street, N.W.**
**Washington, D.C. 20426**
**202-502-6457**