IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD HARDING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.06-1627 (EGS) |
| ) | |
| JOSEPH T. KELLIHER, ) | |
| Chairman, Federal Energy Regulatory Commission ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**LOCAL RULE 16.3(d) JOINT REPORT**

Pursuant to Rule 16.3(d) of the Local Rules of this Court, the parties hereby submit their Joint Report regarding all agreements reached in the parties' Rule 26(f) and LCvR 16.3(c) conference. The parties conferred via telephone on January 22, 2007. The parties request that the Court adopt the agreed-upon matters in its Scheduling Order.

**Brief Statement of the Case**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a, seeking compensation for denied promotion based on race and age discrimination. Plaintiff contends that, despite his outstanding qualifications for the job, and because of his race and/or age, defendant refused to select him for a GS-15 Security and Safety Officer position, to be in charge of the physical security and safety of the Federal Energy Regulatory Commission ("FERC") Headquarters building. Plaintiff had nearly 30 years of experience in various security-related positions within the federal government, and had been performing as FERC's chief safety and security officer for ten years, although at the GS-14 grade. Plaintiff contends that instead of him,

defendant selected a less-experienced and lesser qualified candidate, who was white and substantially younger. Plaintiff seeks an order promoting him into the Chief position, awarding him all associated back pay and benefits he has been denied, compensatory damages and attorneys fees.

Defendant contends that the selectee, Todd Henby, was better qualified for the position, and that neither Plaintiff's race nor his age were factors in the decision to award the job to Mr. Henby. Defendant denies that Plaintiff is entitled to any of the relief he is seeking.

### Statutory Basis for Claims and Defenses

Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(3) and 2000e-16( c), and the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

### Rule 16.3 Report

In accordance with Rule 16.3, the parties state:

1. There are no pending motions. Plaintiff does not anticipate filing any dispositive motions. Defendant may file a motion for summary judgment upon the close of discovery. The parties agree that discovery can commence upon the issuance of a Rule 16.3 Order.

2. The parties do not anticipate joining other parties or amending the pleadings.

3. The parties do not wish to assign the case to a magistrate judge for purposes of trial, but consent to the referral of discovery matters and other non-dispositive issues.

4. The prospects for settlement at this point are unclear. Both parties are prepared to engage in good faith settlement discussions, but believe that conducting some discovery would be of some use.

5. The parties agree that they will ascertain whether court-sponsored mediation of this case might be appropriate after some discovery has been conducted.

6. As noted above, defendant may file a motion for summary judgment after the close of discovery. The parties propose that the deadline for filing motions for summary judgment be 30 days after the close of discovery. Oppositions should be due 30 days thereafter, and replies should be due 30 days after the filing of oppositions.

7. The parties stipulate to dispense with initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, as a detailed report of investigation was produced during the administrative phase of the case containing the information required by initial disclosures.

8. The parties propose that each party shall be limited to 25 interrogatories and each side shall be limited to 10 depositions. The parties propose that discovery be concluded within 180 days of the date of the Rule 16.3 Order.

9. The parties may use experts and agree to make disclosures pursuant to Rule 26(a)(2).

10. Because this case is not a class action, the provisions of this paragraph are inapplicable.

11. The parties do not anticipate the need for bifurcation.

12. The parties propose that the Court schedule the pretrial conference after ruling on any motion for summary judgment, or after such dispositive motions deadline has passed.

13. The parties propose that a trial date be set at the pre-trial conference.

14. Other matters: none.

Respectfully submitted,

/s/
Richard Salzman (# 422497)
Heller, Huron, Chertkof, Lerner, Simon & Salzman
1730 M Street, N.W., Suite 412
Washington, D.C. 20036
(202) 293-8090

Attorneys for Plaintiff

/s/
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, BAR # 434122
Assistant United States Attorney

/s/
MICHELLE N. JOHNSON, BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139