IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD C. HARDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-1627 (EGS) |
| ) | |
| v. ) | |
| ) | |
| JOSEPH T. KELLIHER, ) | |
| CHAIRMAN, FEDERAL ) | |
| ENERGY REGULATORY ) | |
| COMMISSION ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this 16th day of May, 2007, between Plaintiff in the above-captioned case, Richard C. Harding, and the Defendant, Joseph T. Kelliher, in his official capacity as Chairman ("the Chairman"), Federal Energy Regulatory Commission (the "Agency").

WHEREAS, Plaintiff, Mr. Richard C. Harding, has brought suit in the United States District Court for the District of Columbia, Civil Action No. 06-1627 (EGS);

WHEREAS, the Chairman denies any liability to Mr. Richard C. Harding in connection with his allegations as raised in this litigation or in any underlying administrative proceeding; and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil action without the expense and burden of further litigation;

NOW THEREFORE, Mr. Richard C. Harding and the Chairman, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. This Stipulation of Settlement is entered into by and between Mr. Richard C. Harding ("Plaintiff") and Joseph T. Kelliher, Chairman of the Federal Energy Regulatory Commission ("Defendant") to make full and final settlement of any and all matters raised, or which could have been raised, by Plaintiff in this action. Plaintiff agrees to accept the terms set forth herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon his employment with the Defendant up to the date Plaintiff signs this Stipulation of Settlement, including but not limited to the claims asserted in the above-styled action. In particular, and without limitation, this settlement shall include all possible claims for damages, back pay, front pay, and other equitable relief by Plaintiff against Defendant, and claims for attorney's fees and costs incurred by Plaintiff in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised, or which could have been raised, in this action.

2. In order to resolve the matters in dispute without further administrative processes, litigation, expense, and delay, Plaintiff and Defendant agree as follows:

   a. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, the above-styled complaint of discrimination. This Stipulation of Settlement constitutes the full, final, and complete relief that Plaintiff may have for the conduct alleged in this civil action. In addition, Plaintiff agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against the Defendant, with respect to any matter which arose or could have arisen and been brought in connection with the allegations covered by this Agreement, under Federal law, Federal or State statutes, or the Constitution of the

United States or of a State, in either a Federal or State Court or administrative forum;

b. By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, all other actions, charges, complaints, and appeals against the Defendant and his present or former employees or officers that are before this Court, the Equal Employment Opportunity Commission, or any other forum;

c. By signing this Stipulation of Settlement, Plaintiff unconditionally releases the Defendant and his present and former employees, officers, agents, representatives, and all persons acting by, through, or in concert with any of those individuals, either in their official or individual capacities, for any and all liability that arose from the occurrences which are the subject matter of Plaintiff's complaint in this matter, or any other pending, existing, or putative cause of action against the Defendant of any sort whatsoever;

d. By signing this Stipulation of Settlement, Plaintiff agrees to execute any and all other documents necessary to implement and effectuate the provisions of this Stipulation of Settlement;

e. Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is waiving rights and claims under various Federal laws, including, but not limited to, Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA") and the Older Workers' Benefit Protection Act ("OWBPA"), with respect to his underlying complaint;

f. Plaintiff does not waive any rights or claims that may arise after the date on which this Stipulation of Settlement is signed;

g. In consideration for the promises made herein, the Defendant will pay Plaintiff the

3

total amount of $109,000 (one hundred and nine thousand dollars), which includes but is not limited to any costs, attorney's fees and expenses incurred by Plaintiff and his counsel in connection with this matter. Payment shall be made as promptly as practicable consistent with the normal processing procedures of Defendant. This payment may be made by an electronic transfer of funds to an account specified by Plaintiff. Defendant's counsel shall promptly prepare and submit all required documentation for processing of this payment, and Plaintiff and Plaintiff's counsel shall cooperate with Defendant's counsel to insure that such documentation is complete and accurate. The parties understand that Plaintiff is responsible for the payment of taxes on this payment.

h. The point of Contact for any reference or inquiry concerning Plaintiff's employment status with the Defendant will be Nancy Spurlin, Director, Human Resources Division. Ms. Spurlin will respond to inquiries from any prospective employers concerning Plaintiff. In responding to such inquiries, no mention shall be made of any proposed employment actions that were contemplated against Plaintiff, specifically his proposed demotion or the revocation of his security clearance.

i. In addition to the payment specified in paragraph 2(g), Defendant will retroactively promote Plaintiff to the GS-15 grade, effective August 5, 2005, at the appropriate step as if he had been promoted on that date. Plaintiff will receive all back pay, with all regular step increases, as if he had performed in a fully successful manner since that time. All regular deductions and contributions, including contributions to the applicable retirement and thrift savings plan(s) (TSP), will be made. In regards to Plaintiff's TSP account, Defendant shall make the maximum lawful contributions to Plaintiff's TSP account, and shall cooperate

4

with the Federal Retirement Thrift Investment Board consistent with 5 C.F.R. 1605.1(b) associated with Plaintiff's TSP account as determined by the TSP. This back pay check will be made payable to Plaintiff and will be delivered to him within thirty (30) days after the Court's entry of this Agreement.

j. Within ten days of the effective date of this Agreement, Defendant shall cancel the April 16, 2007 action revoking Mr. Harding's Top Secret security clearance and shall fully restore that security clearance. Defendant shall also correct Mr. Harding's Official Personnel File to delete all references to the April 19, 2007 proposal to change his grade to GS-11.

k. Pursuant to this Agreement, Mr. Harding will retire effective May 31, 2007. Mr. Harding's last day at work as an employee will be May 11, 2007. Beginning May 14, 2007, Mr. Harding will be placed on administrative leave, extending until the date of his retirement, May 31, 2007.

3. This Stipulation of Settlement shall not constitute or be construed as an admission of liability or fault on the part of the Defendant or his officers or employees and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of further litigation.

4. The parties agree that this Agreement will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States government, except in an action alleging breach of this Agreement.

5. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this Stipulation of Settlement to him and he has been provided sufficient time for this purpose.

6.  Pursuant to the ADEA and OWBPA, Plaintiff has had the right to consult and confer with legal counsel or otherwise consider the terms of this Agreement for twenty-one (21) days before this Agreement will take effect. Plaintiff acknowledges and agrees that the negotiating process leading to this Agreement has already taken a reasonable amount of time and has been more than twenty-one (21) days and, throughout this time, he has been represented by the counsel of his choice. Therefore, Plaintiff agrees that the required twenty-one (21) days have already elapsed. Plaintiff acknowledges that he has read this entire Stipulation and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorneys have reviewed and explained the provisions of this Stipulation to him and that Defendant has provided reasonable and sufficient time for this purpose. Finally, Plaintiff understands that he has a period of seven (7) days following the date on which he executes the Agreement to revoke the Agreement. Any revocation in order to be effective must be in writing and delivered within the seven-day revocation period to the Assistant United States Attorney, Michelle N. Johnson, or her successor, at the address of record: Office of the United States Attorney for the District of Columbia, 555 Fourth Street, N.W., Room E4212, Washington, DC 20530 (fax: (202) 514-8780).

7.  Plaintiff acknowledges that he has entered into this Stipulation of Settlement voluntarily and that the Defendant has not imposed any undue hardship, duress, or coercion in connection with execution of this document.

8.  This Stipulation of Settlement entered into by the Defendant and Plaintiff together sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This document cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date

6

on which it is approved by the Court, unless mutually agreed in writing by the parties. Plaintiff and Defendant agree that neither party is bound by any representation, promise or inducement not set forth in this Agreement. This Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

9. This Stipulation of Settlement shall be binding upon Plaintiff, as well as Plaintiff's heirs, assigns, representatives, proxies, guardians, or any other person or entity acting on behalf of, or at the behest of, Plaintiff.

10. Plaintiff expressly agrees not to use this Stipulation of Settlement, nor to permit any other person to use it, in any judicial or administrative proceeding as evidence of, or to attempt to prove the existence of, discrimination/reprisal or other adverse action or prohibited personnel practice, or in any other manner, except as provided by paragraph 4.

11. Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

12. In case any provision of this Agreement should be held to be contrary to, or invalid under, the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way other provisions thereof, all of which shall continue, nevertheless, in full force and effect; any provision which is held to be illegal or invalid in any country, state or other jurisdiction shall, nevertheless, remain in full force and effect in a country, state or jurisdiction in which such provision is legal and valid.

13. Each party agrees to make good faith efforts to resolve any dispute arising from or regarding this settlement agreement prior to bringing it to the Court's attention. Should either

party at any time believe that the other party is in breach of this settlement agreement, prior to bringing the matter to the Court's attention, that party shall notify the other party in writing of the particular section of this settlement agreement that has allegedly been breached and the action(s) that constitute the breach. The other party shall then have thirty (30) days to respond to such claims prior to the injured party's bringing the alleged breach to the attention of the Court.

14. Execution of this stipulation shall constitute a dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Plaintiff hereby executes this Stipulation of Settlement, acknowledging that its terms and conditions have been fully understood, that an adequate period of time has been afforded to allow for consideration of said terms and conditions, and that an opportunity has been afforded to consult with counsel.

Respectfully submitted,

_____
RICHARD C. HARDING
Plaintiff

16 May 07
Date

_____
RICHARD A. SALZMAN
Heller, Huron, Chertkof
Lerner, Simon & Salzman
1730 M Street, N.W.
Suite 412
Washington, DC 20036

Counsel for Plaintiff

May 16, 2007

_____
THOMAS R. HERLIHY
Executive Director
Federal Energy Regulatory Commission

_____
JEFFREY A. TAYLOR
United States Attorney
D.C. BAR No. 498610

_____
RUDOLPH CONTRERAS
Assistant United States Attorney
D.C. BAR No. 434122

_____
MICHELLE N. JOHNSON
D.C. BAR No. 491910

555 4the Street, NW
Washington, DC 20530

Assistant United States Attorney                Counsel for Defendant

This case is hereby dismissed with prejudice on this 17th day of MAY, 2007.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

9